# IN THE SUPREME COURT OF IOWA

No. 11–0549

Filed March 22, 2013

**TRONG DUC LUONG NGUYEN,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

---

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

Appeal from the denial of an application for postconviction relief. **AFFIRMED**.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Patrick A. Jennings, County Attorney, and Mark A. Campbell, Assistant County Attorney, for appellee.

**PER CURIAM**.

Trong Nguyen, a Vietnamese national, pled guilty in 2000 to attempted burglary in the third degree, an aggravated misdemeanor, in violation of Iowa Code sections 713.2 and 713.6B (1999). He received a two-year suspended sentence and was placed on probation for two years.

In 2011, Nguyen filed an application for postconviction relief in the Woodbury County District Court. Relying on the recent United States Supreme Court decision of *Padilla v. Kentucky*, Nguyen alleged he had received ineffective assistance in violation of the Sixth Amendment to the United States Constitution because his trial counsel had failed to advise him in 2000 that pleading guilty would result in his removal from the United States. *See Padilla v. Kentucky,* 559 U.S. 356, ___, 130 S. Ct. 1473, 1486, 176 L. Ed. 2d 284, 299 (2010) (holding that a criminal defendant has a Sixth Amendment right to receive advice from counsel regarding the risk of deportation before pleading guilty).

The State moved for summary judgment on Nguyen's application. The State argued first that the application was untimely. *See* Iowa Code section 822.3 (2011) (stating that "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" except for "a ground of fact or law that could not have been raised within the applicable time period"). Alternatively, the State argued that *Padilla* does not apply retroactively to convictions like Nguyen's that became final before the *Padilla* decision. The district court disagreed with the latter argument but agreed with the former and granted the State's motion for summary judgment. Nguyen appealed.

On appeal, Nguyen raised various arguments as to why the three-year limitations period in section 822.3 does not foreclose his

application. However, in his supplemental briefing, Nguyen acknowledged that the question of whether *Padilla* should apply retroactively was before the United States Supreme Court. *See Chaidez v. United States*, ___ U.S. ___, 132 S. Ct. 2101, 182 L. Ed. 2d 867 (2012) (granting certiorari on the question of *Padilla*'s retroactivity). Nguyen further conceded that his appeal could not succeed if the Supreme Court denied retroactive effect to *Padilla* in that pending case. His supplemental brief stated, "[S]ometime in the October 2012 term, the United States Supreme Court will decide whether *Padilla* is retroactive. If it is not retroactive, Mr. Nguyen is going to lose."

We elected to hold Nguyen's appeal pending the United States Supreme Court's decision on *Padilla*'s retroactivity. On February 20, 2013, the United States Supreme Court rendered that decision. *See Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, ___ L. Ed. 2d ___ (2013). In *Chaidez,* the Supreme Court declared that *Padilla* announced a "new rule," and "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Id.* at ___, 133 S. Ct. at 1113, ___ L. Ed. 2d at ___; *see also Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075, 103 L. Ed. 2d 334, 356 (1989) (generally denying retroactivity when a Supreme Court decision establishes a new rule of constitutional criminal procedure). *Chaidez* also noted that before *Padilla,* federal and state appellate courts (including our court) had "almost unanimously concluded that the Sixth Amendment does not require attorneys to inform their clients of a conviction's collateral consequences, including deportation." *Chaidez,* ___ U.S. at ___ & n.8, 133 S. Ct. at 1109 & n.8, ___ L. Ed. 2d at ___ & n.8.

Based on *Chaidez,* we hold that because *Padilla* announced a "new rule" of constitutional criminal procedure, it does not apply retroactively

to convictions—like Nguyen's—that became final before the *Padilla* decision. We, therefore, hold that Nguyen's application for postconviction relief was properly denied.

**AFFIRMED.**

All justices concur except Hecht, J., who takes no part.

This opinion shall not be published.